# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARIO JERMAINE WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-4845** |
| **MR. B. VALLE, ET AL.** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Plaintiff, Mario Jermaine Wilson, a federal prisoner, filed the instant *pro se* and *in forma pauperis* complaint against officials at the federal penitentiary in Pollock, Louisiana. In this lawsuit, he asserts various claims arising from his confinement at that facility.

Federal law provides:

A civil action may be brought in –

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Federal law further provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. §1391(e)(1).

In the instant case, neither plaintiff nor any defendant is alleged to reside in the Eastern District of Louisiana. Further, no part of the events or omissions giving rise to plaintiff's claims occurred within this district. However, all of those events or omissions occurred at the federal penitentiary in the town of Pollock in Grant Parish, Louisiana. Grant Parish lies within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c).

Pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), a district in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. Balawajder v. Scott, 160 F.3d 1066, 1067 (5th Cir. 1999). Because venue is not proper in the Eastern District of Louisiana but would be proper in the Western District of Louisiana, the Court finds that it is in the interest of justice and fairness to the parties that this civil action be transferred to the Western District of Louisiana for further consideration.

Accordingly,

**IT IS ORDERED** that the captioned matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this nineteenth day of May, 2017.

                                              **JANIS VAN MEERVELD**
                                              **UNITED STATES MAGISTRATE JUDGE**